**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4156**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD FLEMING,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:10-cr-00111-8)

Submitted:  August 23, 2018                    Decided:  August 27, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant.  Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Fleming pled guilty, pursuant to a written plea agreement, to aiding and abetting the attempted distribution of 100 kilograms or more of marijuana, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced him to 49 months' imprisonment. On appeal, Fleming's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Fleming's guilty plea was valid and whether Fleming's sentence is reasonable. Fleming has also filed a pro se supplemental brief challenging his sentence. The Government has moved to dismiss Fleming's appeal based on the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that the appeal waiver in Fleming's plea agreement is valid, as he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Fleming waived the right to appeal his conviction and sentence, including any sentence below or within the advisory Sentencing Guidelines range corresponding to offense level 26. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Fleming's sentence.

Although Fleming agreed to waive the right to appeal his conviction in his plea agreement, a defendant cannot waive a colorable claim that his plea was not knowing and voluntary. *See, e.g., United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Accordingly, Fleming's appeal waiver does not foreclose our review of the validity of his guilty plea. Because Fleming did not move in the district court to withdraw his guilty

2

plea, we review the Rule 11 hearing for plain error. *See United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). We conclude that the district court substantially complied with Rule 11, the court's minor omissions did not affect Fleming's substantial rights, and Fleming entered the plea knowingly and voluntarily.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are outside the scope of the appeal waiver or are not waivable by law. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Fleming, in writing, of the right to petition the Supreme Court of the United States for further review. If Fleming requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fleming.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

3